IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN V. HALTOM, <br><br>   Plaintiff, <br><br> vs. <br><br> KAREN PARKS, DHHS; et. al <br><br>   Defendants. | 8:15CV428 <br><br> **ORDER** |

Plaintiff has moved "for entry of an order extending the time for service as to certain defendants under Rule 4(m) of the Federal Rules of Civil Procedure, for leave to conduct limited discovery, and to stay proceedings relating to pending motions to dismiss." (Filing No. 72). Defendants oppose the motion. See Filing Nos. 73- 79.

Plaintiff filed a complaint naming over 40 defendants on November 21, 2015. After two inquiries from the court regarding Plaintiff's intent to serve the complaint, (February 2, 2016 and February 23, 2016), on March 3, 2016, Plaintiff's counsel stated "I have not abandoned my attempt to serve the summonses; I caught pneumonia and I am just strong enough to work again."

But over the following six weeks, Plaintiff did not serve any defendant. On April 25, 2016, the court entered an order affording Plaintiff until May 3, 2016 to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or for want of prosecution. (Filing No. 3). Plaintiff's counsel filed a response, explaining recurrent bouts of pneumonia had rendered him weak and bedridden for an extended period of time. His show cause affidavit stated "I believe that I have recovered sufficiently to handle the demands of this case," and "I have legal assistance now to ensure that the demands of the case are met." (Filing No. 4-1). The court granted Plaintiff until June 17, 2016 to serve his amended complaint.

Plaintiff filed his amended complaint on June 17, 2016, but he did not request summons until June 23, 2016. When he filed his untimely request for summons, he did not request summons as to all the named defendants, asked for summons on two people who were not named defendants, and requested duplicate summons for two named defendants. In total, the court issued 35 summons on June 24, 2016. At Plaintiff's request, three additional summons were issued on July 8, 2016. (Filing No. 10).

Currently, there are 12 pending motions or amended motions to dismiss, (see Filing Nos. 27, 30, 41, 43, 46, 48, 54, 56, 57, 60, and 69), the first such motion filed on July 19, 2016, and the last filed on September 1, 2016. Plaintiff has not responded to any of these motions.  Instead, more than six weeks after the latest motion to dismiss was filed, Plaintiff now asks the court to stay the proceedings on the motions to dismiss, and he requests leave to conduct limited discovery from the currently served defendants so he can locate and serve 14 named but unserved defendants. Plaintiff has filed no evidence explaining his own efforts to locate these 14 defendants, and he has not explained why his current motion was not filed months ago.

"[A]ll civil actions and proceedings in the United States district courts. . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Consistent with that principle, and after granting Plaintiff additional time to perfect service, the court ordered Plaintiff to serve the defendants by June 17, 2016, and the court permitted Plaintiff to serve defendants after that deadline. While Plaintiff may want even more time to find and serve defendants, he has not shown good cause as required under Rule 4(m).  The court further finds that staying the pending motions to dismiss would undermine the goals of Rule 1, particularly now that 13 defendants are awaiting a decision on their apparently unopposed motions to dismiss.

Accordingly,

IT IS ORDERED that Plaintiff's motion to extend the service deadline, permit limited discovery, and stay the pending motions to dismiss, ([Filing No. 72](#)), is denied.

November 23, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge
