IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN V. HALTOM,

                Plaintiff,

vs.

KAREN PARKS, et al.,

                Defendants.

8:15-CV-428

MEMORANDUM AND ORDER

This matter is before the Court on John Haltom's amended complaint (filing 6). Haltom is suing the state of Nebraska, private medical practitioners, private entities, and non-profit organizations for various purported constitutional violations. Several defendants move to dismiss these claims under Fed. R. Civ. P. 12(b)(4) and (b)(6) and Fed. R. Civ. P. 4(m). For the reasons stated below, the defendants' motions will be granted in part and denied in part.

## BACKGROUND

Haltom's allegations are briefly summarized as follows. In 2009, the Nebraska Department of Health and Human Services (DHHS) began investigating domestic disputes between Haltom and his former wife. As part of its investigation, DHHS allegedly colluded with private health practitioners and companies to violate Haltom's constitutional rights, and ultimately, to take away his children. These actions were purportedly motivated by DHHS's "long standing resentment" of Haltom, which stems from past litigation, his operation of an adult entertainment business, and his "political ambitions within the State of Nebraska and its state departments." Filing 6 at 3; 8, 9. To accomplish its goals, at least according to Haltom, DHHS and other named defendants—all acting "under color of state law"—partook in widespread misconduct ranging from the production of false medical evaluations, to unwarranted "invasions" into Haltom's home. Filing 6 at 5-6, 12. As a result of these actions, Haltom says he has experienced "extreme emotional and physical distress" and is "[unable] to function in society." Filing 6 at 5.

## STANDARD OF REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* While the Court must accept as true all facts pleaded by the nonmoving party and grant all reasonable inferences from the pleadings in favor of the nonmoving party, *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012), a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief will require the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## DISCUSSION

As a preliminary matter, Haltom's multiple claim complaint spans nearly 90 pages, and includes over 40 named defendants. Twelve of these defendants—including individually named medical practitioners, private companies, and one non-profit organization—have moved to dismiss Haltom's complaint on various grounds. For clarity, the Court will address each of the individually-named defendants' motions separately.[1] The Court will then address pending motions from three private companies: KVC Behavioral Health, Alegent Creighton Health, and ORR Psychotherapy. Because these entities raise largely the same legal issues, the Court will consider their motions together. Finally, the Court will address the motion filed on behalf of CASA for Lancaster County, a non-profit organization, and a CASA volunteer, Dawn Rockey.

Before turning to the merits of the defendants' motions, however, the Court will address two separate, yet related issues. First, in his 89-page complaint, Haltom refers to individuals and entities by different names, making it difficult for the parties (and the Court) to determine which counts apply to which defendants. For example, Haltom initially refers to Alegent Creighton Health and its individually-named employees as the "Lakeside Defendants." But in detailing his allegations, Haltom goes on to reference "Lakeside Hospital Defendants," "Lakeshore Defendants," and "Lakeside."

---

[1] The one exception to this, as demonstrated below, is James Carmer. Carmer moved for dismissal on behalf of himself and defendant "Mental Health Associates LLC." Those motions will be considered together.

*See* filing 47 at 3. Such inconsistencies, the defendants argue, make it "impossible to ascertain" Haltom's various claims for relief. Filing 47 at 5.

While the Court shares in the defendants' frustration, it cannot be said that the parties, on the whole, lack adequate notice of the nature of the claims against them. *See* Fed. R. Civ. P. 8. However, for clarity, the Court will—where appropriate—specify which claims apply to which parties. In doing so, the Court considers both the substance of the defendants' underlying motions (to which the plaintiff has not responded), and the governing standards under Fed. R. Civ. P. 8(a). This represents the Court's good-faith effort to make sense of Haltom's unwieldy pleading. If Haltom meant to plead a claim that the Court has failed to identify below, he may ask for leave to include it in an amended complaint that sufficiently identifies it.

Relatedly, several defendants argue that because Haltom has not alleged facts pertaining to self-incrimination, he has failed to state a claim under the Fifth Amendment. In this way, the defendants suggest that the Fifth Amendment applies only to criminal matters, and is therefore inapplicable to the present dispute. *See*, filing 49 at 7, filing 44 at 7, filing 47 at 7. Although the defendants' argument misapprehends the law, the Court nevertheless recognizes that Haltom has failed to allege wrongdoing by any federal actors. *Baribeau v. City of Minneapolis*, 596 F.3d 465, 484 (8th Cir. 2010). Accordingly, the Court will dismiss Haltom's Fifth Amendment claims as to each of the defendants discussed in this Memorandum and Order.

## A.  Individually-Named Defendants

As noted above, Haltom alleges various constitutional violations and conspiracy-related charges against several individually-named health care practitioners. These allegations broadly relate to the alleged conspiracy between DHHS and other named defendants to "injure" Haltom, and to "eliminate [Haltom's] rights to parent his children." Filing 6 at 3-4. Generally speaking, Haltom alleges that the individually-named defendants sought to "conceal their conflicts of interest that, under their professional rules of conduct, [they] were obligated to reveal and to resolve before engaging in consultation with [Haltom.]" Filing 6 at 4. Several of these defendants—including Barbara Onnen (filing 27); David Kucera (filing 30); James C. Carmer (filing 41); Ryan Hurd (filing 48); Melissa Schmid (filing 51); Lisa Blankenau (filing 57); and Robert Troyer (filing 56)—move to dismiss. Those motions are addressed in varying order below.

## 1. ROBERT TROYER

Robert Troyer seeks dismissal under Fed. R. Civ. P. 12(b)(4).[2] Filing 56. In support of his motion, Troyer points to a series of orders by the Magistrate Judge pertaining to service of process. *See* filings 3-6. Specifically, Troyer notes a May 3, 2016 order in which the Magistrate Judge granted Haltom's motion to continue, instructing him to serve his amended complaint on defendants "[o]n or before June 17, 2016." Filing 4; filing 5. Haltom filed—but did not serve—the amended complaint on June 17, and then, on June 24, requested that the Court issue summons. *See*, filing 7; filing 9. Thus, Troyer argues, because Haltom "did not comply with the Court's Order" regarding service of process, the claims against him must be dismissed.[3] Filing 55 at 2.

An objection under Rule 12(b)(4) concerns the form of the process rather than the manner or method of its service. Technically, then, "a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4[a] or any applicable provision incorporated by Rule 4[a] that deals specifically with the content of the summons." 5B Wright & Miller Federal Practice and Procedure Civil 3d § 1353. But Rule 12(b)(4) motions will be granted only when the defect is prejudicial to the defendant. *Id.* And here, there is no indication that Troyer was prejudiced by the delayed service of process. Indeed, while Haltom did not strictly comply with the Magistrate Judge's order, Troyer received sufficient notice of Haltom's complaint. Accordingly, Troyer's motion to dismiss (filing 56) will be denied.

## 2. DAVID KUCERA

Haltom, in his 89-page complaint, refers to Kucera only one time. *See* filing 6 at 14. In this reference, Haltom suggests that Kucera is or was an employee of KVC Behavioral Healthcare Nebraska, another named defendant in this dispute. But Kucera contends that he "has never worked, associated with, or been employed by KVC . . . or any similar-type organization[.]" Filing 31 at 1. Nor has he worked for DHHS or any of the other defendants in this matter. To this end, Kucera believes that he was erroneously served with Haltom's complaint, and that the intended recipient may have been a

---

[2] Several, if not all, of the defendants raise similar arguments as at least one basis for dismissal. Troyer, however, invokes Fed. R. Civ. P. 12(b)(4) and Rule 4(m) as the *sole* basis for his motion to dismiss. *See*, filing 56; filing 55. Thus, to the extent that the remaining defendants rely on deficiencies in process as grounds for dismissal, those motions—at least as they relate to Rules 12(b)(4) and 4(m)—will be denied.

[3] No proof of service was made to the Court, contrary to Rule 4(l)(1), but pursuant to Rule 4(l)(3), "[f]ailure to prove service does not affect the validity of service." And the Court does not understand Troyer to be arguing that service was not effected—just that service was not effected on or before June 17. *See* filing 55.

different "David Kucera" living in or around Lancaster County, Nebraska. Filing 31 at 1. Because Haltom has not responded to the defendants' motions to dismiss, the Court takes Kucera's factual statements as true. *See* Neb. Civ. R. 7.0.1(b)(1)(C). Accordingly, Kucera's motion to dismiss is granted.

### 3. James Carmer / Mental Health Associates, LLC

Carmer moves to dismiss Haltom's claims against both himself and "Mental Health Associates, LLC."[4] With respect to the latter entity, Carmer notes that the business was improperly named in the summons as "Mental Health Associates, LLC," as opposed to "Mental Health Associates." Filing 42 at 3-4. Thus, because the summons is "facially invalid," and because "Mental Health Associates, LLC" is not a legal entity subject to suit, it argues that the summons should be quashed and that "all purported claims against 'Mental Health Associates, LLC' should be dismissed[.]" Filing 42 at 3. But as stated above, dismissal under Fed. R. Civ. P. 12(b)(4) is warranted only upon a showing of prejudice. And while the defendant may have been improperly named, that does not—on these facts—warrant dismissal. Accordingly, Mental Health Associates' motion to dismiss is denied.

However, the Court will grant Carmer's motion to dismiss under Fed. R. Civ. P. 12(b)(6). Indeed, other than the case caption, Carmer is mentioned nowhere in Haltom's amended complaint. Thus, even assuming the truth of the matters asserted, the amended complaint contains no factual allegations that support any inference that Carmer is liable for the misconduct alleged. Accordingly, Carmer's motion to dismiss under Fed. R. Civ. P. 12(b)(6) is granted.

In sum, the defendants' motion to dismiss will be granted in part and denied in part. Specifically, Mental Health Associates' motion to dismiss under Rule 12(b)(4) is denied, and Carmer's motion to dismiss under Rule 12(b)(6) is granted.[5]

### 4. Barbara Onnen

The Court will grant Barbara Onnen's motion to dismiss for similar reasons. Like Carmer, Haltom includes Onnen's name only in the case caption, providing no factual allegations regarding her role in the alleged violations. Without more, Haltom has failed to state a claim against Onnen

---

[4] Carmer shares an office suite with other providers, and those providers do business as "Mental Health Associates."

[5] The Court notes that Haltom has not asked for leave to amend his complaint. *See Longaker v. Boston Sci. Corp.*, 715 F.3d 658, 663 (8th Cir. 2013).

upon which relief may be granted. Accordingly, Onnen's motion to dismiss (filing 27) is granted.

### 5. MELISSA SCHMID

Melissa Schmid urges dismissal under Rule 12(b)(6), noting the absence of facts suggesting that she "personally had anything to do with the events alleged by the Plaintiff." Filing 52 at 3-4. But the Court concludes otherwise. Indeed, although Schmid is referenced only once in the amended complaint, she is grouped together with other individually-named defendants under the label "Premier Psychiatric Defendants." Filing 6 at 14. And Haltom alleges, among other matters, that the "Premier Psychiatric Defendants" corrupted certain medical evaluations, accepted tainted information, and otherwise facilitated the alleged violations of Haltom's constitutional rights. *See* filing 6 at 28-29. Accepting these allegations as true, and construing them in Haltom's favor, *Bell v. Pfizer, Inc.*, 716 F.3d 1087 (8th Cir. 2013), the Court concludes that, at this early stage, Haltom may proceed on his claims against Schmid as described in counts 3, 7, 14, 15, 16, and 28. Accordingly, Schmid's motion to dismiss is denied.

### 6. LISA BLANKENAU

Haltom alleges various constitutional and conspiracy-related charges against Blankenau under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Blankenau seeks dismissal, arguing that Haltom has failed to establish that she acted "under color of state law" for purposes of § 1983 liability. Filing 59 at 4. She further contends that Haltom has failed to plead sufficient facts to sustain a plausible conspiracy claim under § 1985. The Court will address each argument in turn.

#### (i) Section 1983

Section 1983 allows plaintiffs to bring claims only against persons who violate their constitutional rights under color of state law. § 1983. A private actor can be considered to act under color of state law "if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). This "close nexus" exists where the private party is "'a willful participant in joint activity with the State' in denying a plaintiff's constitutional rights." *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005)). Thus, to survive a motion to dismiss, a "plaintiff must plausibly allege 'a mutual

understanding, or a meeting of the minds, between the private party and the state actor.'" *Id.* This requires something more than "multiple contacts" between the private party and the state; rather, the plaintiff must plead "specific facts plausibly connecting" the alleged concerted action to the alleged violation. *Id.*

Accepting the allegations as true, and construing them in his favor, the Court finds that Haltom has pled sufficient facts to overcome the defendants' motions to dismiss on these grounds. In his amended complaint, Haltom broadly alleges that the defendants—including Blankenau—worked in connection with DHHS to produce fraudulent records, to interfere with Haltom's medical diagnoses, and to impact the outcome of Haltom's court proceedings. Filing 6 at 12. He further alleges that DHHS had personal meetings and telephone calls with the defendants "to further their connections and their conspiracy," and that DHHS otherwise controlled the defendants' professional livelihoods through licensing and patient referrals. Filing 6 at 15-17. Thus, Haltom claims, "[t]he defendants who are mental health care providers . . . yielded to the inappropriate influence, schemes, and requests of DHHS Defendants in their treatment of John Haltom." *See* filing 6 at 17.[6]

Haltom's allegations provide enough at this stage of the proceedings for the Court to infer a "meeting of the minds" between Blankenau and the alleged state actor. *Magee,* 747 F.3d at 536. Accordingly, the Court will deny Blankenau's motion to dismiss on these grounds at this stage of the proceedings.

### (ii) Section 1985

Haltom also asserts claims against Blankenau under § 1985(3), which provides:

> If two or more persons in any State or Territory conspire or go in disguise on . . . the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

---

[6] The Court recognizes Haltom's limited reference to Blankenau in his amended complaint. But construed liberally, the Court interprets Haltom to include Blankenau in his broad description of the defendants' conduct.

28 U.S.C. § 1985(3).[7] To prove the existence of a conspiracy under this section, a plaintiff must show (1) that the defendants conspired, (2) with the intent to deprive the plaintiff of equal protection of the laws, or equal privileges and immunities under the laws, (3) that one or more of the conspirators did, or caused to be done, any act in furtherance of the object of the conspiracy, and (4) that the plaintiff was injured or deprived of having and exercising any right or privilege of a citizen of the United States. *Larson ex. Rel. Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996).

Similar to the § 1983 claims, Blankenau argues that Haltom has failed to plead facts establishing "any specific agreement or meeting of the minds" between herself and other defendants. Filing 59 at 9. Therefore, Blankenau contends, Haltom has not satisfied his burden to "allege with particularity and specifically demonstrate with material facts that the defendants reached an agreement." Filing 59 at 10 (citing *City of Omaha Employees Betterment Ass'n v. City of Omaha*, 883 F.2d 650, 652 (8th Cir. 1989)). But Haltom need only "point to at least some facts which would suggest that [defendants] reached an understanding to violate [his] rights." *Nelson v. City of McGehee*, 876 F.2d 56, 59 (8th Cir. 1989). And here, for the reasons discussed above, Haltom has preliminarily satisfied this burden. Accordingly, Haltom has alleged enough at this stage of the proceeding to move forward on the following claims against Blankenau: 4, 8, 24, and 37. Blankenau's motion to dismiss is denied.

## 7. RYAN HURD

The Court will deny Hurd's motion to dismiss for similar reasons. Indeed, Hurd—like Blankenau—argues that he is not a "state actor" for purposes of § 1983, and therefore cannot be liable for the alleged constitutional violations. *See* filing 49 at 6. He further argues, for purposes of § 1985, that there are "no allegations rising to the level of Hurd conspiring with another person, nor of him directly or indirectly depriving Plaintiff of equal protection of the laws." Filing 49 at 7. Again, accepting Haltom's allegations as true, and construing them in his favor, the Court concludes that Haltom may proceed, at this early stage, on his claims against Hurd as described in count 34 of the amended complaint. Filing 6 at 78. Accordingly, Hurd's motion to dismiss on these grounds is denied.

---

[7] It appears that Haltom has also asserted claims against Blankenau under 42 U.S.C. § 1985(2) and 42 U.S.C. § 1986, which the defendant does not expressly address in her motion to dismiss. *See* filing 6 at 30, 60. The Court will not dismiss those claims in the absence of an argument from the defendant explaining why it should do so.

## B.  Non-Governmental Defendants

As noted above, Haltom claims that certain non-governmental entities (1) violated his constitutional rights, (2) conspired to violate his rights, and/or (3) neglected to prevent the conspiracy to interfere with his civil rights. Haltom implicates the following defendants in at least one of these alleged violations: KVC Behavioral Healthcare Nebraska, Alegent Creighton Health, and ORR Psychotherapy. He has also sued CASA, a non-profit organization, and a CASA volunteer, Dawn Rockey.

### 1. PRIVATE ENTITY DEFENDANTS

KVC, Creighton Health, and ORR Psychotherapy argue that Haltom's claims under §§ 1983 and 1985 must be dismissed because Haltom has not alleged that the entities' respective employees acted pursuant to an unconstitutional policy, practice, or custom. After reviewing Haltom's complaint, the Court agrees with the defendants' contention, and will therefore grant their motions to dismiss. Indeed, like municipalities, private entities acting "under the color of state law" cannot be held liable for constitutional torts under a theory of respondeat superior. *See, Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Smith v. Insley's Inc.*, 499 F.3d 875, 880 (8th Cir. 2007) (citing *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 976 (8th Cir. 1993)); *Dier v. City of Hillsboro*, 2004 WL 1243845, at *8 (D. Oregon 2004); *Di Maggio v. O'Brien*, 497 F. Supp. 870, 875-76 (E.D. Pa. 1980); *cf. Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979). And because there is no indication that the defendants acted pursuant to a policy or a custom—or that the alleged wrongdoing was at the hands of a final decisionmaker— Haltom has failed to state a claim upon which relief can granted. *See Davison v. City of Minneapolis*, 490 F.3d 648, 660 (8th Cir. 2007) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)).[8]

### 2. DAWN ROCKEY AND CASA
#### (i) Dawn Rockey

Haltom's amended complaint makes only one reference to Rockey, and as CASA points out, that reference is misplaced. On this point, Haltom suggests that Rockey is an employee of Cedars Youth Services, when in fact, she was—at all relevant times—a CASA volunteer. *See*, filing 6 at 15; filing 71 at 5. As such, Rockey is immune from suit pursuant to Neb. Rev. Stat. §§ 43-3701 *et seq*. Specifically, § 43-3716 shields CASA volunteers from liability

---

[8] And because a conspiracy under § 1985 is a prerequisite to a claim under § 1986, Haltom's claims on the latter grounds are similarly dismissed as to the private entity defendants. *Sebastian v. U.S.*, 531 F.2d 900, 904 n.11 (8th Cir. 1976).

"to the full extent provided in the federal Volunteer Protection Act of 1997." That act, in turn, limits liability to the extent that (1) the volunteer was acting within the scope of his or her responsibilities to CASA; (2) the volunteer was properly trained under Nebraska law; and (3) "the harm was not caused by willful or criminal misconduct, gross negligence, reckless misconduct, or a conscious, flagrant indifference to the rights or safety of the individual harmed by the volunteer[.]" 42 U.S.C. § 14503.

After reviewing the complaint in full, the Court concludes that Haltom has failed to plead facts to overcome the aforementioned immunity provisions.[9] Accordingly, CASA's motion to dismiss Dawn Rockey is granted. Filing 69.

### (ii) CASA

CASA's motion to dismiss (filing 69) will also be granted. Although Haltom briefly discusses CASA in the background section of his complaint, he fails to name the organization in any of the 37 causes of action. Filing 6 at 13. Therefore, other than claiming that CASA "worked in conjunction with DHHS" and "acted under color of state law," Haltom has not stated a claim upon which relief may be granted. Accordingly, CASA's motion to dismiss is granted. The Court does not reach CASA's alternative grounds for dismissal.

### CONCLUSION

For the reasons stated above, the defendants' motions are granted in part and denied in part.

IT IS ORDERED:

1. The individually-named defendants' motions to dismiss are granted in part and denied in part. Specifically,

    a. Robert Troyer's motion to dismiss (filing 56) is denied.

    b. David Kucera's motion to dismiss (filing 30) is granted.

---

[9] As noted, Haltom incorrectly lists Rockey's employment as with Cedars Youth Services. Further, even more so than the other defendants, the Court is unable to glean Rockey's involvement with Haltom and the other defendants.

c. James Carmer and Mental Health Associates' motion to dismiss (filing 41) is granted in part and denied in part. Specifically, to the extent that the defendant moves to dismiss Mental Health Associates, the motion is denied. To the extent that the defendant moves to dismiss James Carmer, the motion is granted.

d. Mental Health Associates' motion to dismiss is denied.

e. Barbara Onnen's motion to dismiss (filing 27) is granted.

f. Melissa Schmid's motion to dismiss (filing 51) is denied.

g. Lisa Blankenau's motion to dismiss (filing 57) is denied.

h. Ryan Hurd's motion to dismiss (filing 48) is denied.

2. The non-governmental entities' motions to dismiss are granted. Specifically,

a. KVC Behavioral Healthcare Nebraska's motion to dismiss (filing 60) is granted.

b. Alegent Creighton Health's motion to dismiss (filing 46) is granted.

c. ORR Psychotherapy's motion to dismiss (filing 43) is granted.

d. CASA and Dawn Rockey's motion to dismiss (filing 69) is granted.

Dated this 8th day of March, 2017.

BY THE COURT:

John M. Gerrard
United States District Judge