IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN V. HALTOM, | |
| Plaintiff, | 8:15-CV-428 |
| vs. | |
| KAREN PARKS, et al., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the motion for summary judgment (filing 115) filed by Karen Parks, Salina Hardesty, Sam Funnah, Nicole Lemke, Stephanie Allison, Ralph Martinez, Jason Bequette, Wendy Waites, Michael Smith, Mark Heilman, Anthony Troester, Marti Beard, Nanette Simmons, Jeremy Powers, Sharon Bartek, Bob Meier, and Cedars Youth Services, Inc. (collectively, the "Cedars Defendants"). The Court will grant their motion and dismiss the claims against them with prejudice.

BACKGROUND

The plaintiff's allegations are briefly summarized as follows. In 2009, the Nebraska Department of Health and Human Services (DHHS) began investigating domestic disputes between the plaintiff, John Haltom, and his former wife. Filing 6 at 18-19. That investigation resulted in the adjudication of Haltom's children in Nebraska juvenile court. Filing 6 at 9.

Haltom claims that as part of its investigation, DHHS conspired with private health practitioners to violate Haltom's constitutional rights and, ultimately, take away his children. These actions were purportedly motivated by DHHS's "long standing resentment" of Haltom, stemming from past

litigation, his operation of adult entertainment businesses, and his "political ambitions within the State of Nebraska and its state departments." Filing 6 at 3, 8, 9. To accomplish its goals, at least according to Haltom, DHHS and the other defendants—all acting "under color of state law"—partook in widespread misconduct ranging from the production of false medical evaluations to unwarranted "invasions" into Haltom's home. Filing 6 at 5-6, 12. As a result, Haltom says he has experienced "extreme emotional and physical distress" and is "[unable] to function in society." Filing 6 at 5.

The Nebraska juvenile court, finding that Haltom's ex-wife had "successfully corrected the conditions adjudicated in this case[,]" terminated its jurisdiction (and thus, the juvenile case) on June 24, 2011. Filing 117-1 at 10-11. That order expressly relieved DHHS of responsibility for the children. Filing 117-1 at 11. Haltom initiated this lawsuit on November 21, 2015. Filing 1. In his operative pleading, Haltom asserts 37 separate purported claims for relief against 49 named and 7 unnamed defendants, all premised on alleged federal constitutional violations brought pursuant to 42 U.S.C. §§ 1983, 1985(2), 1985(3), or 1986.[1] *See* filing 6. Some defendants have already been dismissed on motions to dismiss, filing 81, and others have been dismissed for failure to serve process, filing 97.

---

[1] Section 1983 creates a civil action for those deprived by a person acting under color of state law of a right secured by the Constitution and laws of the United States. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1985(2) creates a civil action for those who were injured by a conspiracy to interfere with the administration of justice in a state court. *See Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1429 (8th Cir. 1986). Section 1985(3) creates a civil action for those injured by a private conspiracy to deny equal protection of the laws. *Harrison*, 780 F.2d at 1429. And § 1986 imposes liability on those who have knowledge of a § 1985 conspiracy and power to prevent it, but fail to do so. *Keefe v. City of Minneapolis*, 785 F.3d 1216, 1223-24 (8th Cir. 2015).

The remaining defendants include the Cedars Defendants, listed above. *See* filing 6. Cedars Youth Services is a nonprofit organization that provides in-home safety and family support services. Filing 116 at 2.[2] The individual Cedars Defendants were employees of Cedars. Filing 116 at 2 n.2. The Cedars Defendants are here because Cedars was retained by DHHS to provide services associated with the juvenile court case. Filing 116 at 3. Cedars' role was to visit and supervise visits to Haltom's home, inspect the home, write court reports regarding Haltom's behavior, and take urine samples from Haltom. Filing 116 at 3. None of the Cedars Defendants were involved with Haltom outside the context of the juvenile court proceedings. Filing 116 at 3.

The Cedars Defendants last had contact with Haltom or his children no later than October 29, 2010. Filing 116 at 3-4. And, as noted above, the juvenile court proceedings in their entirety terminated on June 24, 2011, filing 117-1, and this lawsuit was filed on November 21, 2015, filing 1. The Cedars Defendants move for summary judgment arguing, among other things, that Haltom's claims are time-barred. Filing 116 at 6-8.

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City*

---

[2] Failure to file a brief precludes the opposing party from contesting the moving party's statement of facts. NECivR 7.1(b)(1)(C). And properly referenced material facts in a summary judgment movant's statement of undisputed facts are considered admitted unless controverted in the opposing party's response. NECivR 56.1(b)(1).

*of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.*

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. *Id.* Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. *Id.* But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. *Id.* Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Id.*

## DISCUSSION

Although the Cedars Defendants raise several issues, the Court does not need to go farther than the statute of limitations. To begin with, § 1983 claims are generally governed by the personal injury statute of limitations of the state where the claim arose. *Bridgeman v. Nebraska State Pen*, 849 F.2d 1076, 1077 (8th Cir. 1988); *see City of Rancho Palos Verdes, Cal. v. Abrams*, 544 U.S. 113, 123 n.5 (2005). Here, that's a four-year statute of limitations. *Jacob v. Schlichtman*, 198 F.3d 250 (8th Cir. 1999) (citing Neb. Rev. Stat. § 25-207); *see Bridgeman*, 849 F.2d at 1077.

Section 1983 claims accrue, for the purpose of the statute of limitations, when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991); *see Davis v. Ross*, 995 F.2d 137, 138 (8th Cir. 1993); *Kaster v. Iowa*, 975 F.2d 1381, 1382 (8th Cir. 1992). Accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Wallace v. Kato*, 549 U.S. 384, 388

(2007). And the Cedars Defendants' evidence establishes conclusively that no act of misconduct occurred during the limitations period. *See Kashaka v. Baltimore Cty., Maryland,* 450 F. Supp. 2d 610, 617 (D. Md. 2006) (citing *Causey v. Balog,* 162 F.3d 795, 804 (4th Cir. 1998)).

Nor does the record establish any basis for tolling the statute of limitations. For a § 1983 action, the issue of tolling, like the underlying statute of limitations, is determined by reference to state law. *Montin v. Estate of Johnson,* 636 F.3d 409, 413 (8th Cir. 2011). And Haltom does include allegations that might be read to suggest some sort of concealment on the part of the allegedly conspiring defendants. *See* filing 6 at 6.

But under the doctrine of fraudulent concealment, the plaintiff must show that he or she exercised due diligence to discover his or her cause of action before the statute of limitations expired. *Andres v. McNeil Co.,* 707 N.W.2d 777, 787 (Neb. 2005). There is no showing of such diligence here. And concealment does not estop a defendant from asserting the statute of limitations where the plaintiff could reasonably have learned of his cause of action within the limitations period. *See Gering-Fort Laramie Irr. Dist. v. Baker,* 612 N.W.2d 897, 904 (Neb. 2000). In this case, there is no basis to believe that Haltom could not have learned of his purported claims before termination of the juvenile court proceedings, more than 4 years before he commenced this action. Similarly, a statute of limitations may be tolled where the plaintiff is unaware of his injury. *Alston v. Hormel Foods Corp.,* 730 N.W.2d 376, 384-85 (Neb. 2007). But that rule does not apply where the injured party could have discovered the claim within the statute of limitations. *Id.* at 387. So, it does not apply here.

Haltom's complaint might also be read to describe some sort of continuing tort. *See* filing 6. But under Nebraska law, the continuing tort

doctrine is a doctrine of accrual, not a tolling doctrine. *Id.* at 382. And the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law. *Montin,* 636 F.3d at 413. Under federal law, an ongoing deprivation of a constitutional right might create an issue with respect to claim accrual. *See id.* at 416. But there is no such allegation here—at least, no allegation of a deprivation that could have extended later than termination of the juvenile court proceeding. So, the traditional rule of accrual applies, and

> [u]nder the traditional rule of accrual the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable. Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

*Wallace,* 549 U.S. at 391 (cleaned up) (citations and quotation omitted). Pursuant to that rule, Haltom's § 1983 claims are plainly time-barred. An allegation of continuous harassment will not save a claim that is otherwise barred by the statute of limitations, absent some showing that an actual violation occurred within the limitations period. *Causey,* 162 F.3d at 804.

The same is true of Haltom's § 1985 claims. To determine the applicable statute of limitations for a cause of action created by a federal statute that does not expressly supply a limitations period, federal courts generally "borrow" the most closely analogous state limitations period. *Graham Cty. Soil & Water Conservation Dist. v. U.S. ex rel. Wilson,* 545 U.S.

409, 414 (2005). And for an alleged § 1985 conspiracy, the Eighth Circuit has applied the state statute of limitations for a civil conspiracy. *Carr v. Aubuchon*, 969 F.2d 714, 716 (8th Cir. 1992).

In Nebraska, the statute of limitations applicable to a claim of civil conspiracy is that applicable to the underlying wrong. *Hatcher v. Bellevue Volunteer Fire Dep't*, 628 N.W.2d 685, 696 (Neb. 2001); *Upah v. Ancona Bros. Co.*, 521 N.W.2d 895, 902 (Neb. 1994), *disapproved of on other grounds by Welsch v. Graves*, 582 N.W.2d 312 (Neb. 1998). In other words, there is no basis to distinguish Haltom's § 1985 claims from his § 1983 claims for limitations purposes—no part of the alleged conspiracy is claimed to have occurred, nor *could* any part of the alleged conspiracy have occurred, after termination of the juvenile court's jurisdiction.

Finally, Haltom's § 1986 claims are quickly disposed of: unlike §§ 1983 and 1985, § 1986 contains a statute of limitations. *Burnett v. Grattan*, 468 U.S. 42, 48 (1984). "[N]o action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued." § 1986. Accordingly, Haltom's § 1986 claims are also time-barred. *See Housley v. Erwin*, 325 F. App'x 474 (8th Cir. 2009).

Because all of Haltom's claims are time-barred, the Court will grant the Cedars Defendants' motion for summary judgment (filing 115).

IT IS ORDERED:

1. The Cedars Defendants' motion for summary judgment (filing 115) is granted.

2. Haltom's claims against the Cedars Defendants are dismissed with prejudice.

3. Karen Parks, Salina Hardesty, Sam Funnah, Nicole Lemke, Stephanie Allison, Ralph Martinez, Jason Bequette, Wendy Waites, Michael Smith, Mark Heilman, Anthony Troester, Marti Beard, Nanette Simmons, Jeremy Powers, Sharon Bartek, Bob Meier, and Cedars Youth Services, Inc. are terminated as parties.[3]

Dated this 20th day of February, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge

---

[3] Salina Hardesty is listed on the Court's docket twice as a defendant, presumably because she was erroneously listed twice on the caption of Haltom's initial complaint. Filing 1 at 1. She should be terminated as a party twice as well.