IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| JOHN V. HALTOM, | |
|---|---|
| Plaintiff, | 8:15-CV-428 |
| vs. | ORDER |
| KAREN PARKS, et al., | |
| Defendants. | |

This matter is before the Court on the plaintiff's motion to strike (filing 166). The plaintiff mistakenly filed eight separate notices of appeal directed at eight different orders the Court entered dismissing different defendants. Filings 158-165. But because the Court did not certify a final judgment with respect to any of those orders pursuant to Fed. R. Civ. P. 54(b), the appropriate procedure would have been to file a single notice of appeal with respect to the separate final judgment the Court entered pursuant to Fed. R. Civ. P. 58(a). *See Obin v. Dist. No. 9 of Int'l Ass'n of Machinists & Aerospace Workers,* 651 F.2d 574, 583 (8th Cir. 1981); *see also Strandlund v. Hawley,* 532 F.3d 741, 744-45 (8th Cir. 2008).

The plaintiff seeks to strike all those notices of appeal and replace them with a single notice of appeal—essentially, a do-over. But "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.,* 459 U.S. 56, 58 (1982). Authority speaking to whether the *existence* of an appeal is an aspect of the case "involved in the appeal" is hard to come by. But it suffices to say that the Court has serious reservations

about its jurisdiction to strike the notices of appeal and permit what would, in effect, be an amended notice of appeal. *See Smith v. Jenkins*, 777 F. Supp. 2d 270, 271 (D. Mass. 2011); *cf. Becker v. Montgomery,* 532 U.S. 757, 766-68 (2001) ("imperfections in noticing an appeal should not be fatal *where no genuine doubt exists about who is appealing, from what judgment, to which appellate court*") (emphasis supplied). The Court also has concerns about its authority to enter a second extension of the time to take an appeal, given that the first extension of the appeal deadline has already elapsed—it is unclear whether these circumstances present "excusable neglect or good cause" within the meaning of Fed. R. App. P. 4(a)(5)(A)(ii), and the Court has no authority to craft exceptions to the jurisdictional requirement of a timely notice of appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The Court does not, however, believe that the courts' internal procedures for processing appeals have the same jurisdictional significance. Accordingly, the Court will direct the Clerk of the Court to process a single appeal to the U.S. Court of Appeals for the Eighth Circuit, to encompass the plaintiff's appeal from each of the eight orders and the resulting final judgment that he intends to challenge. The Court will also direct the Clerk of the Court to collect a single appellate filing fee of $505.[1] The Court trusts that, if the Eighth Circuit is unable to reconcile the Court's solution to this unique set of circumstances with its own procedures, or finds jurisdictional or jurisprudential defects in the appeal that it is unable to overcome, the Court

---

[1] The Court reads the Court of Appeals Miscellaneous Fee Schedule to require an appellate filing fee only for "each *party* filing a notice of appeal . . . ." Judicial Conference of the United States, Court of Appeals Miscellaneous Fee Schedule (2016), http://www.uscourts.gov/services-forms/fees/court-appeals-miscellaneous-fee-schedule (emphasis supplied).

of Appeals will consider remanding the case to this Court with instructions on how to effectuate the plaintiff's appeal.

IT IS ORDERED:

1. The plaintiff's motion to strike ([filing 166](filing 166)) is denied.

2. The Clerk of the Court is directed to process a single appeal to the U.S. Court of Appeals for the Eighth Circuit, encompassing each of the plaintiff's notices of appeal.

3. The Clerk of the Court shall collect an appellate filing fee from the plaintiff of $505.

4. The Clerk of the Court shall provide a copy of this order to the Clerk of the Court for the U.S. Court of Appeals for the Eighth Circuit.

Dated this 11th day of April, 2018.

BY THE COURT:

John M. Gerrard
United States District Judge